## THE QUINCY BUILDING AND LOAN ASSOCIATION

### V.

## WARREN C. WINGET AND SARAH M. WINGET.

*Building Associations—Foreclosure of Trust Deed and Cancellation of Stock—Injunction.*

Upon a bill filed to enjoin the foreclosure of two deeds of trust and to secure the cancellation of several shares of stock in a building association, this court reverses a decree for the complainants as not supported by the evidence.

[Opinion filed September 21, 1888.]

APPEAL from the Circuit Court of Adams County; the
Hon. WILLIAM MARSH, Judge, presiding.

Messrs. EMMONS & WELLS, for appellant.

Mr. GEORGE W. FOGG, for appellees.

CONGER, J. This was a bill filed by appellees to enjoin
appellant from foreclosing two deeds of trust and to cancel
certain shares of stock held by appellees in the appellant
company.

Appellees had, under the rules of the company, taken the
shares of stock, and upon them borrowed from appellant the
money in question, giving the trust deeds mentioned to secure
the repayment of the same.

The two grounds relied upon for relief are: Fraud and
misrepresentation by said association or its officers, whereby
appellee, Winget, was induced to become a member of the
association, and fraudulent statements of the officers of the
association as to the consideration of the notes and trust deed.

The record is quite voluminous upon these questions, and it
would answer no good purpose to review the evidence. We
have carefully examined all the evidence as contained in the
record and fail to find anything whatever in it to sustain the
charges made in the bill or the findings of the master.

The master, in his report of the evidence and the findings
therein, says: "I further find that as to the allegation in com-
plainants' bill, viz., ' that said complainant, Warren C. Winget,
was induced to become a borrower in said institution by false
and fraudulent representations,' that the testimony is con-
flicting and unsatisfactory."

After carefully considering the whole record, it simply
presents to our minds a case wherein appellees entered into
the arrangement held out to the public by the appellant com-
pany voluntarily and freely, and after experimenting with it
for a few years reached the conclusion that it was not as profit-

able as they had supposed, and now seek by their bill to be relieved from the consequences of their own lack of judgment.

The decree of the Circuit Court will be reversed and the cause remanded to the Circuit Court, with directions to dismiss the bill.

*Reversed and remanded.*